NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 4, 2014
Decided June 4, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-3286

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 13 CR 192-1 |
| ROBERT D. SHAW, *Defendant-Appellant.* | Charles P. Kocoras, *Judge.* |

## O R D E R

Robert Shaw, whose criminal history already included convictions for seven bank robberies, pleaded guilty in 2013 to yet another. *See* 18 U.S.C. § 2113(a). The district court calculated a guidelines imprisonment range of 57 to 71 months and sentenced him to the top of that range. Shaw filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel has submitted a brief that explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. We invited Shaw to respond, *see* Cir. R. 51(b), but he did not. Because

counsel's analysis appears to be thorough, we limit our review to the subjects he discusses. *See United States v. Bey*, — F.3d —, 2014 WL 1389090, at *2 (7th Cir. 2014); *United States v. Shuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

As we directed in *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012), and *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002), counsel asked Shaw if he wants to challenge his guilty plea. The lawyer reports that Shaw "has not responded" and opines that a successful challenge might risk a higher offense level (and thus a greater imprisonment range under the sentencing guidelines) if Shaw proceeds to trial and is convicted. Counsel thus opted not to explore possible attacks on the guilty plea. We have no basis for second-guessing this decision. Counsel "is not obliged to raise issues that could boomerang" on Shaw and indeed "may limit appellate arguments to those that in his best judgment would do more good than harm." *Knox*, 287 F.3d at 671. Shaw's silence, both in response to the lawyer's inquiry and to our Rule 51(b) notice, weighs against faulting the lawyer's exercise of that discretion.

Counsel advises that he reviewed the district court's application of the sentencing guidelines but did not identify even a potential claim of error. So the only appellate claim conceivably presented by this appeal, says counsel, is whether Shaw could challenge the reasonableness of his 71-month term of imprisonment. We agree with counsel that such a challenge would be frivolous. Shaw's within-guidelines sentence is presumptively reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Smith*, 721 F.3d 904, 906 (7th Cir. 2013), and counsel identifies nothing that might rebut that presumption. Shaw's convictions for bank robbery date back to 1988. The district court was "tempted" to impose an above-guidelines sentence based on that criminal history but decided that a sentence at the top of the range was adequate to protect the public. *See* 18 U.S.C. § 3553(a)(1), (2).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.